UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: _____

YOCELIN G. ORELLANA,

     Plaintiff,

  v.

EL BALCON DE LAS AMERICAS
INC. A/K/A EL BALCON DE LAS
AMERICAS   I,   INC. A/K/A   EL
BALCON DE LAS AMERICAS II,
INC. A/K/A EL BALCON DE LAS
AMERICAS   III,   INC. A/K/A   EL
BALCON DE LAS AMERICAS IV,
INC. A/K/A EL BALCON DE LAS
AMERICAS V, INC. A/K/A EL
BALCON DE LAS AMERICAS VI,
INC.,

     Defendant.

_____)

## COMPLAINT

Plaintiff, YOCELIN G. ORELLANA ("ORELLANA" or "Plaintiff"), sues the Defendant,

EL BALCON DE LAS AMERICAS INC. A/K/A EL BALCON DE LAS AMERICAS I,

INC. A/K/A EL BALCON DE LAS AMERICAS II, INC. A/K/A A/K/A EL BALCON DE LAS

AMERICAS III, INC. A/K/A EL BALCON DE LAS AMERICAS IV, INC., A/K/A EL BALCON

DE LAS AMERICAS V, INC A/K/A EL BALCON DE LAS AMERICAS VI, INC., a foreign

corporation ("EL BALCON" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1.     This action involves the application of the Family and Medical Leave Act of

1993, 29 U.S.C. § 2601 *et seq.* (the "FMLA"); Title VII of the Civil Rights Act of 1964, as

amended by the Pregnancy Discrimination Act, 42 U.S.C.A. §§ 2000e et seq. ("PDA"), and Fla.

Stat. § 760 *et seq*. (the "FCRA").

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §

1343(3) and (4) and 28 U.S.C. § 2617. Jurisdiction is also invoked pursuant to 42 U.S.C.A. §

2000e-5(f), 28 U.S.C.A. §§ 1343(3) and 1343(4), and pursuant to 28 U.S.C.A. § 1367.


3.      Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3)

because the acts complained of occurred within this judicial district and because Defendant has its

principal place of business within the district, reside in the judicial district and because the

employment records of ORELLANA are stored or have been administered, in Palm Beach

County, Florida.

## PARTIES

4.      At all times material, ORELLANA was an "employee" within the meaning of

the FCRA.

5.      At all times material to this Complaint, ORELLANA was an "eligible employee"

as defined by the FMLA, 29 U.S.C. §2611(2)(A).

6.      At all times material, EL BALCON is a Florida corporation doing business in

Palm Beach County, Florida.

7.      At all times material, Defendant was an "employer" as defined by 29 U.S.C.§

2611(4).

8.      At all times material, Defendant was an employer within the meaning of 42

U.S.C.A. § 2000e and the FCRA, and was engaged in an industry affecting commerce, and on

information and belief, employed more than fifteen (15) employees for each working day in each

of twenty (20) or more calendar weeks in the then current or preceding calendar year.

## CONDITIONS PRECEDENT

9.      Plaintiff has fulfilled all conditions precedent to the institution of this action under A

Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC")

on November 2, 2020, a true and correct copy of which is attached to this Complaint as **Exhibit**

**"A."**

10.     Plaintiff has complied with all conditions precedent required by the FCRA and is

filing this Complaint more than 180 days from the date of she filed her charge of discrimination

with the EEOC.

## GENERAL ALLEGATIONS

11.     At all times material, ORELLANA was employed by EL BALCON from on or

about February 23, 2018, until her wrongful termination on July 9, 2019.

12.     Plaintiff performed her work admirably and was revered by her colleagues with

whom she worked.

13.     On or about April 1, 2019, Plaintiff found out she was pregnant, and notified her

managers Elizabeth and Alexandria the same day.

14.     On or about April 4, 2019, Plaintiff notified her boss, Lina Maria Velez, that she

was pregnant.

15.     Prior to April 4, 2019, Plaintiff had not been disciplined, counseled, or

reprimanded on the job.

16.     Following the notification, Ms. Velez treated Plaintiff differently.  She constantly

asked if Plaintiff was too tired to work or if she was sure that she could work, because of her

pregnancy.

17.     At times, Plaintiff was noticeably nauseous and suffering from other pregnancy

related symptoms while at work, however she was still able to perform all the essential functions of her job.

18.     At some point, Ms. Velez told Plaintiff that because of her pregnancy she was slower, and it took a toll on her co-workers, however nothing was ever placed in writing.

19.     When Plaintiff asked her co-workers about it, they all said that they never complained and several of them suggested they have a meeting about who complained.

20.     Plaintiff, along with her co-workers, asked Ms. Velez about the meeting, but it never happened, nor did she ever indicate who supposedly complained.

21.     On, or about May 26, 2019, a co-worker pushed Plaintiff while she was taking out the trash and Plaintiff told her to be careful because she was pregnant.

22.     On, or about, June 4, 2019, Ms. Velez notified Plaintiff that she was being terminated, and said that it was dangerous for Plaintiff to be working, that the floor was slippery, and it was best if she did not come back to work.

23.     Ms. Velez also mentioned the May 26, 2019, incident with the co-worker, however the co-worker who initiated the contact was not disciplined in any way.

24.     Plaintiff was allowed to work until June 9, 2019.

### COUNT I: INTERFERENCE WITH FMLA RIGHTS

25.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26.     Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

27.     At all times material, Plaintiff gave proper notice to EL BALCON by informing EL BALCON of her medical condition.

28.     PLAINTIFF provided enough information for EL BALCON to know that her potential leave may be covered by the FMLA.

7

29.     At all times material hereto, PLAINTIFF communicated with Defendant regarding her medical condition.

30.     Despite its knowledge of PLAINTIFF's medical condition, EL BALCON failed to notify PLAINTIFF of her eligibility status and rights under the FMLA and failed to notify PLAINTIFF whether her leave was or could be designated as FMLA leave.

31.     Instead of informing PLAINTIFF of her rights, EL BALCON terminated PLAINTIFF.

32.     Further, EL BALCON knew plaintiff was due to give birth on, or about December 2, 2019, and fired her before the time PLAINTIFF was absolutely entitled to take off under the FMLA.

33.     EL BALCON interfered with PLAINTIFF's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

**WHEREFORE**, Plaintiff demands judgment against EL BALCON as follows:

a)  Enter judgment in Plaintiff's favor and against EL BALCON for its violations of the FMLA;

b)  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c)  Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d)  Award Plaintiff liquidated damages;

e)  Reinstatement;

f)  Award Plaintiff prejudgment interest on her damages award;

g)  Award Plaintiff reasonable costs and attorney's fees; and

h)  Grant Plaintiff such other and further relief as this court deems equitable and just.

### COUNT II: VIOLATION OF THE FMLA BY DEFENDANT– RETALIATION

7

34.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

35.      The FMLA prohibits an employer from taking adverse employment action against any employee because he or she engaged in conduct protected by the FMLA.  *See* 29 U.S.C § 2615(a)(2).

36.     When Plaintiff told EL BALCON that she was approximately five (5) weeks pregnant, PLAINTIFF gave notice that she was going to give birth on, or about December 2, 2019, which constituted a request to take FMLA leave.

37.     EL BALCON fired PLAINTIFF because of this request or attempted request to take leave.

38.     EL BALCON has intentionally engaged in an unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to leave because of her pregnancy.

39.     Plaintiff's request for pregnancy leave pursuant to the FMLA was a direct and proximate cause of her termination.

40.     As a direct and proximate result of the intentional violations by EL BALCON of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against EL BALCON as follows:

a) Enter judgment in Plaintiff's favor and against EL BALCON for its violations of the FMLA;

b) Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c) Award Plaintiff compensatory damages under the FMLA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

d) Award Plaintiff liquidated damages;

e) Reinstatement;

7

f) Award Plaintiff prejudgment interest on her damages award;

g) Award Plaintiff reasonable costs and attorney's fees; and

h) Grant Plaintiff such other and further relief as this court deems equitable and just.

## COUNT III: VIOLATION OF THE PREGNANCY DISCRIMINATION ACT

41.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

42.     Plaintiff was a member of a protected class of pregnant citizens.

43.     Plaintiff informed EL BALCON that she was pregnant on, or about April 1, 2019.

41.     Plaintiff was terminated, effective July 9, 2019.

42.     Plaintiff was qualified for the position she held at EL BALCON.

43.     EL BALCON intentionally engaged in unlawful employment practices and discrimination in violation of the Pregnancy Discrimination Act by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment and ultimately terminating her.

44.     EL BALCON's decision to terminate Plaintiff was because of Plaintiff's pregnancy. Alternatively, Plaintiff's pregnancy was a motivating factor in EL BALCON's decision to discriminate against Plaintiff.

45.     EL BALCON is a sophisticated employer that has actual knowledge of the requirements of the Pregnancy Discrimination Act.

46.     The failure of EL BALCON to adhere to the mandates of the Pregnancy Discrimination Act was willful and its violations of the provisions of the Pregnancy Discrimination Act were willful.

47.     Plaintiff's termination from her employment was directly and proximately caused by EL BALCON's unjustified discrimination against Plaintiff because of her gender. Alternatively, Plaintiff's gender was a motivating factor that made EL BALCON terminate Plaintiff.

48.     At the time of the unlawful discrimination, Plaintiff satisfactorily performed the essential job functions assigned to her by EL BALCON.

49.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by EL BALCON is a mere pretext for the actual reason for the termination from employment – Plaintiff's gender.

50.     Discrimination on the basis of pregnancy constitutes unlawful discrimination.

51.     As a direct and proximate result of the EL BALCON's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

a)  Enter judgment in Plaintiff's favor and against EL BALCON for its violation of the Pregnancy Discrimination Act;

b)  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c)  Award Plaintiff compensatory damages under the Pregnancy Discrimination Act for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d)  Award Plaintiff punitive damages according to proof;

e)  Award Plaintiff prejudgment interest on her damages award;

f)  Award Plaintiff reasonable costs and attorney's fees; and

g)  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, GENDER DISCRIMINATION

52.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 and above as if set out in full herein.

53.     At all times material hereto, EL BALCON failed to comply with the FCRA [Florida Statutes Section 760.10] which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status.*"

54.     Plaintiff is a member of a protected class of women.

55.     Defendant's decision to terminate Plaintiff was because of her gender. Alternatively, Plaintiff's gender was a motivating factor that caused Defendants to discriminate against Plaintiff.

56.     At all relevant times aforementioned, including the time of discrimination, Defendants were aware that Plaintiff was a pregnant woman.

57.     At the time of the unlawful discrimination, Plaintiff satisfactorily performed the essential job functions assigned to her by Defendant.

58.     Plaintiff was qualified for the position that she held with EL BALCON.

59.     EL BALCON is a sophisticated employer who has actual knowledge of the requirements of the FCRA.

60.     The failure of EL BALCON to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

61.     EL BALCON wrongfully terminated Plaintiff and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's gender.

62.     As a direct and proximate result of EL BALCON's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

63.     Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendants is a mere pretext for the actual reasons for the termination from employment – Plaintiff's gender.

64.     Discrimination on the basis of gender constitutes unlawful discrimination in violation of the FCRA.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

a)  Enter judgment in Plaintiff's favor and against EL BALCON for its violations of the FCRA;

b)  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c)  Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress Plaintiff has suffered and continues to suffer;

d)  Award Plaintiff punitive damages according to proof;

e)  Award Plaintiff prejudgment interest on her damages award;

f)  Award Plaintiff reasonable costs and attorney's fees; and

g)  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

Dated: January 20, 2021.

By:*/s/ R. Martin Saenz*
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Brandon J. Gibson, Esquire
Fla. Bar. No 0099411
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180

7

Telephone: (305) 503-5131
Facsimile: (888) 270-5549